# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL KRAUSE**
        Petitioner,

v.                                 Case No. 10-C-0515

**CHARLES THOMAS O'REILLY, Warden**
of the Huntsville Unit, Huntsville, Texas
        Respondent.

---

## ORDER

On June 21, 2010, Michael A. Krause filed this petition pursuant to 28 U.S.C. § 2254. He is currently serving a Texas sentence and is incarcerated in Texas. However, in the present case he challenges an open probation detainer arising out of a Wisconsin conviction. Petitioner also requests leave to proceed in forma pauperis, and I will grant this motion because petitioner's prison trust account statement reveals that petitioner has no money and thus cannot pay the $5.00 filing fee. See 28 U.S.C. § 1915.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

According to the petition, on December 8, 2003, Krause, who was then on probation, obtained permission from the Wisconsin Department of Corrections to travel to

Gilchrist, Texas between the dates of December 8, 2003 and December 18, 2003. Krause traveled to Texas in accordance with the permit. However, on December 9, 2003, the Wisconsin Department of Corrections issued a probation violation warrant indicating that Krause had absconded from probation. Texas authorities then arrested Krause pursuant to the warrant. Krause appeared before a magistrate in Texas, who ordered that Krause be detained without bail. In order to resolve the probation charge as quickly as possible, Krause agreed to extradition to Wisconsin and signed extradition papers on December 15, 2003. Krause was held by Texas authorities without bail for thirty-eight days, but Wisconsin authorities never traveled to Texas to take him into custody. Texas authorities did not release Krause but instead charged him with a Texas felony. Krause was later tried on that charge, convicted, and sentenced to nine years' imprisonment. The Texas court deemed the nine-year sentence to commence on December 9, 2003, thereby crediting Krause with the time he served in connection with the Wisconsin detainer.

In his habeas petition, Krause lists seven grounds for relief. The precise contours of his claims are not entirely clear, but a liberal reading of his petition reveals four potentially viable claims. First, he argues that Wisconsin did not have probable cause to issue the violation warrant. Second, he argues that Texas authorities did not provide him with a hearing before detaining him pursuant to the warrant. Third, he argues that once he agreed to extradition, Wisconsin was required to travel to Texas and take him into custody within thirty days, and that his detention in Texas for longer than thirty days on the warrant violated the federal extradition act, 18 U.S.C. § 3182. Fourth, he argues that Wisconsin's failure to provide him with a hearing on the detainer, which remains open, violates his right to due process.

2

Case 2:10-cv-00515-LA   Filed 08/06/10   Page 2 of 5   Document 4

All of the claims raised by Krause are problematic, and I have considerable doubt as to whether Krause is entitled to relief in this court. Regarding his first claim, it is unclear whether probable cause is needed to issue a probation detainer, and even if probable cause is required, it is not clear whether the lack of probable cause is grounds for habeas relief when petitioner is not presently being detained pursuant to the warrant. Second, petitioner seems to have pleaded himself out of court on his claim that Texas did not provide him with a hearing before detaining him on the warrant, since he pleads that he was taken before a magistrate for a bond hearing after his arrest in Texas. In any event, it is not clear whether Texas's failure to provide him with a hearing can be raised in a habeas action filed in Wisconsin. Third, Krause's claim challenging Texas's decision to detain him for longer than thirty days after he agreed to extradition would seem to be moot, since Texas gave him credit for that detention when it sentenced him on the Texas felony. Finally, the Supreme Court has held that a prisoner subject to a probation violation warrant is not deprived of due process when the authority that issued the warrant decides to wait until after the prisoner finishes his current sentence before holding a hearing on the alleged probation violation. Moody v. Daggett, 429 U.S. 78, 86 (1976). Besides having doubts about the merits of petitioner's claims, I also question whether the warden of the Texas institution having custody of petitioner is the proper respondent, and if so, whether I have personal jurisdiction over him.[1] However, I am not entirely convinced that Krause is not

---

[1] I also note that petitioner has already brought a Section 2254 petition challenging his Texas conviction, Krause v. Quarterman, No. H-09-1621, 2009 WL 4716060 (S.D. Tex. Dec. 8, 2009), and that to the extent petitioner means to argue that the detainer somehow invalidates his Texas conviction, I lack subject matter jurisdiction over his claims because he has not obtained authorization from the court of appeals to bring a second or successive petition. See 28 U.S.C. § 2244(b).

3

entitled to relief in this court, and therefore I will not dismiss the petition pursuant to Rule 4 at this time.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent either (1) answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; or (2) file an appropriate dispositive motion.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with or in lieu of its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with or in lieu of its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not

4

exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that the clerk provide copies of the petition and this order to the respondent, Charles Thomas O'Reilly, to the Attorney General for the State of Texas, and to the Attorney General for the State of Wisconsin.

**FURTHER, IT IS ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Dated at Milwaukee, Wisconsin, this 6 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge